O’Neill, J.,
dissenting.
{¶ 193} In this case, we have a defendant, Caron Montgomery, who was admittedly on two prescription medications, Risperdal and Thorazine, when he appeared in front of the court to waive his right to a jury trial and enter a guilty plea to charges of murder and aggravated murder. He was later sentenced to death.
{¶ 194} Montgomery had appeared before the court on numerous occasions prior to changing his plea, and the trial court was well aware that he was taking the prescription medications. Yet, in spite of this, a competency evaluation was neither ordered nor conducted. One would think that before we permit someone *389 under the influence of two strong medications to enter a guilty plea to any crime, let alone the ultimate crime of aggravated murder, we would want to make sure that the person fully comprehends what he or she is doing.
Ronald J. O’Brien, Franklin County Prosecuting Attorney, and Steven L. Taylor, Chief Counsel, Appellate Division, for appellee.
{¶ 195} This court considered this issue in State v. Mink, 101 Ohio St.3d 350, 2004-Ohio-1580, 805 N.E.2d 1064, yet the majority chooses to ignore the mandate set forth in that case: “Additional inquiry is necessary into a defendant’s mental state once a defendant seeking to enter a guilty plea has stated that he is under the influence of drugs or medication.” Id. at ¶ 66. In Mink, the defendant was on a prescription medication at the time of his change-of-plea hearing; however, as pointed out by this court, he had undergone two previous competency evaluations that supported the trial court’s decision that he was competent at that time. Id. at ¶ 66-68. In the present case, no competency evaluation was ever performed on Montgomery.
{¶ 196} Similarly, in United States v. Damon, 191 F.3d 561 (4th Cir.1999), which this court cited in Mink, the federal court held that the trial court had “failed to inquire about what effect, if any, Damon’s medication had on his ability to make a voluntary plea and to understand the consequences.” Id. at 565. The majority seems to be satisfied that Montgomery stated in open court that he understood what he was doing and that he signed a written waiver. This conclusion was bolstered by the opinion of Montgomery’s attorney — who was not a medical expert — that Montgomery understood the rights that he was waiving. But if medication prevented Montgomery from truly comprehending his actions, how reliable were his spoken assurances and his signed statement to the contrary? The trial court did not inquire about whether or how the medications affected Montgomery’s abilities.
{¶ 197} I believe that more was required under Mink and Damon. At the very least, when someone is undoubtedly under the influence of a prescription medication when making the decision to enter a guilty plea, the trial court must inquire about the effects of the medication so that it can ensure that the defendant understands the gravity of the situation and comprehends his or her actions. This court should not affirm a conviction, let alone a death sentence, by guessing about the mental competence of a defendant. Further inquiry was required before the trial court accepted Montgomery’s plea of guilty.
{¶ 198} Accordingly, I must dissent.
*390 Timothy Young, Ohio Public Defender, Kathryn L. Sandford, Supervisor, Death Penalty Division, and Shawn P. Welch and Lisa M. Lagos, Assistant Public Defenders, for appellant.